UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATHAN G. DULL,
    *Plaintiff*,

v.

JAIMEE WILLIAMS, *et al*,
    *Defendant(s)*.

No. 3:23-cv-1406 (VAB)

**INITIAL REVIEW ORDER**

Nathan Dull ("Plaintiff"), a sentenced inmate, has filed a Complaint under 42 U.S.C. § 1983, naming correctional officer Jaimee Williams, Claims Commissioner Christy Scott, and counselor Cupe as defendants. ECF No. 1 at 1. Mr. Dull alleges that Williams and Scott violated his Fourteenth Amendment right to due process and that Cupe violated his First Amendment right to access the courts. *Id.* at 6.

For the following reasons, Mr. Dull may seek damages from Cupe in her individual capacity on his First Amendment access to courts claim.

All other claims are **DISMISSED**, and all other Defendants are terminated from this case.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Dull filed a Complaint suing Williams, Scott, and Cupe. ECF No. 1 at 1. The Court ordered Mr. Dull to file an Amended Complaint that elaborated on his claims and stated a request for relief. *See* ECF No. 22 at 3. Mr. Dull filed an Amended Complaint that provided more detail regarding his claim against Williams. *See* ECF No. 23 at 1–2.

"[A]n amended complaint ordinarily supersedes the original, and renders it of no legal effect[.]" *Carroll v. Trump*, 88 F.4th 418, 432 (2d Cir. 2023) (quotation omitted). But because

1

Mr. Dull is proceeding *pro se*, the Court exercises its discretion to review the allegations in Mr. Dull's original and Amended Complaints together. *See*, *e.g.*, *Regan v. New York*, No. 08-CV-1758(JS)(ARL), 2009 WL 10676280, at *1 n.2 (E.D.N.Y. Dec. 9, 2009), aff'd sub nom., 406 F. App'x 568 (2d Cir. 2011) (exercising discretion to construe *pro se* plaintiff's Amended Complaint "as incorporating the factual allegations Plaintiff originally pled, but then neglected to include in his Amended Complaint."). For purposes of initial review, the Court considers the allegations in Mr. Dull's original and Amended Complaints to be true. While the Court does not set forth all the facts alleged in these Complaints (ECF Nos. 1, 23), it summarizes his basic factual allegations here to give context to its ruling below.

Mr. Dull alleges correctional Officer Williams cost him his job. *See* ECF No. 1 at 6. Mr. Dull alleges that he was not allowed to work a regularly scheduled shift needed to maintain employee trust. ECF No. 23 at 1. On a date unknown, Mr. Dull allegedly missed his shift at work. *See id.* DOC officials summoned Mr. Dull to discuss why he had missed his shift. *See id.* Mr. Dull allegedly accidentally brushed against a correctional officer while walking through a narrow corridor on his way to the meeting with officials. *Id.* at 2. DOC officials allegedly disciplined Mr. Dull for brushing against the correctional officer. *Id.* Mr. Dull allegedly was placed in segregation, given mental health evaluations, and lost recreation and commissary privileges. *Id.* Mr. Dull's disciplinary charge allegedly was overturned on appeal. *Id.*

Mr. Dull alleges that he gave Claims Commissioner Scott information to process claims against DOC employees, but Scott denied the request because it lacked needed information. *See* ECF No. 1 at 6. Mr. Dull also alleges counselor Cupe failed to distribute requested court information on two occasions, "causing a dismissal in [his] docket #." *Id.*

II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual

3

enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III. DISCUSSION

The Court has thoroughly reviewed all factual allegations in the original and Amended Complaints and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A. Under the standard above, *see Sykes v. Bank of Am.*, 723 F.3d at 403, the Court construes Mr. Dull's complaints as alleging two due process claims and an access to courts claim.

The Court will address each claim in turn.

### A. The Due Process Claims

Inmates have no constitutional right to a prison job. *Ashby v. Quiros*, 443 F.Supp.3d 232, 252 (D. Conn. Mar. 10. 2020) (inmates have no constitutionally protected interest in prison employment); *see also Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (no constitutional right to a prison job absent underlying state law mandating jobs for prisoners). Nor do state statutes or prison regulations create a protected liberty interest in prison employment. *Ashby*, 443 F.Supp.3d at 252–58.

4

Mr. Dull alleges that correctional officer Jaimee Williams "cost [him] [his] job...." ECF No. 1 at 6. Because Mr. Dull references the "overturned ticket" in relation to this claim, *see id.*, the Court presumes that Mr. Dull lost his job after he was disciplined for brushing up against the correctional officer in the narrow corridor. *See* ECF No. 23 at 2 (Amended Complaint discussing incident with correctional officer and his disciplinary ticket being overturned on appeal). But, because Mr. Dull has no right to the prison job he lost, his claim against correctional officer Williams is dismissed under 28 U.S.C. § 1915A(b)(1).

Mr. Dull also alleges that Claims Commissioner Christy Scott denied Mr. Dull's claim against prison employees because the claim lacked information that the form requested. ECF No. 1 at 6. "[T]he Claims Commissioner [is] an adjudicator who hears claims initiated and prosecuted by a claimant and defended by the Attorney General or a state agency." *Am. Rock Salt Co., LLC v. Wilson*, No. 3:15-CV-01848 (MPS), 2017 WL 1243132, at *6 (D. Conn. Jan. 6, 2017) (citing, *inter alia*, Conn. Gen. Stat. § 4-142(a) (The Office of the Claims Commissioner "shall hear and determine all claims against the state."); § 4-147 ("Any person wishing to present a claim against the State shall file with the Office of the Claims Commissioner a notice of claim…")).

It is well-established that judges and other officials conducting quasi-judicial proceedings are absolutely immune from civil suit "for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction." *Butz v. Economu*, 438 U.S. 478, 509 (1978) (internal quotation marks and citation omitted). Absolute judicial immunity has been extended to various agency officials who share enough characteristics of the judicial process to warrant this protection. *See, e.g., id*. (Department of Agriculture hearing examiner); *Gyadu v. Workers' Compensation Comm'n*, 930 F. Supp. 738, 748–49 (D. Conn. 1996)

(workers' compensation commissioner). Because the Claims Commissioner's "functions are comparable to those of other judicial and quasi-judicial officers who have been afforded absolute immunity," Scott is protected from suit by absolute immunity. *Burke v. Lamont*, No. 3:22-CV-475 (OAW), 2022 WL 3997549, at *14 (D. Conn. Sept. 1, 2022) (concluding Claims Commissioner Christy Scott was absolutely immune from suit under § 1983).

Accordingly, any claim against Scott will be dismissed under 28 U.S.C. § 1915A(b)(2).

### B.  The Access to Courts Claim

To state a claim for denial of access to the courts under the First Amendment, the plaintiff must assert non-conclusory allegations showing both that the defendant acted deliberately and maliciously, and that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996). The plaintiff must allege that the defendant took, or was responsible for, actions that frustrated his efforts to pursue a nonfrivolous legal claim. *Id.* This actual injury requirement "is not satisfied by just any type of frustrated legal claim." *Id.* at 354. The Supreme Court has restricted the types of claims to direct appeals of criminal convictions, habeas petitions, and "civil rights actions—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Id.* (citation omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Mr. Dull's allegation that Cupe failed to distribute "court info…on time 2x" is thin, but that this failure occurred twice is enough, at this early stage, to show that Cupe's actions were potentially deliberate. *See*, *e.g.*, *Cavico v. Steuben Cnty.*, No. 18-CV-6329 EAW, 2019 WL 12267461, at *3 (W.D.N.Y. May 1, 2019) (concluding that "Plaintiff's allegations that he was twice provided with ibuprofen despite a known allergy, then refused treatment specifically called

6

for by his treating physician nearly causing his death, are sufficient allegations of deliberate indifference to Plaintiff's medical needs at this early stage to warrant service and a response..."). Mr. Dull's allegation that his "docket #" was dismissed because of Cupe's actions is similarly lacking in specifics. But the nature of his "docket #" can be developed in discovery.

Accordingly, Mr. Dull's First Amendment access to courts claim is permitted to proceed against Cupe in her individual capacity.

## ORDERS

Mr. Dull may seek damages from Cupe in her individual capacity on his First Amendment access to courts claim.

All other claims are **DISMISSED**, and all other Defendants are terminated from this case.

The Court enters the following orders:

**(1) The Clerk of Court shall** contact the Department of Correction Office of Legal Affairs to ascertain current service addresses for Defendant Cupe, mail a waiver of service of process request packet containing the Complaint and this Order to Cupe at the address by **November 15, 2024**, and report to the Court on the status of the waiver request by **December 6, 2024**. If Defendant Cupe fails to return the waiver request, the Clerk of Court shall arrange for in-person service by the U.S. Marshals Service on Defendant Cupe in her individual capacity and the defendant shall be required to pay the cost of such service.

**(2) The Clerk of Court shall** send Plaintiff a copy of this Order.

**(3) The Clerk of Court shall** send a courtesy copy of the Complaint, Amended Complaint, and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

**(4)** Defendant Cupe shall file her response to the Complaint, either an Answer or a motion to dismiss, by **January 17, 2025**. If Cupe chooses to file an Answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. Cupe also may include all additional defenses permitted by the Federal Rules.

**(5)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **May 16, 2025**. Discovery requests need not be filed with the court.

**(6)** All motions for summary judgment shall be filed by **July 11, 2025**.

**(7)** Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**(8)** If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendant or the attorney for Defendant of his new address.

**(9)** Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on Defendant's counsel by regular mail.

**(10)** The Clerk of Court shall immediately enter the District of Connecticut Standing

Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Plaintiff.

**SO ORDERED** at Bridgeport, Connecticut, this 25th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE